Citation Nr: 1339303 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 13-26 103 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to service connection for a left hip disorder, to include as a qualifying chronic disability under 38 C.F.R. § 3.317.

2. Entitlement to service connection for a right knee disorder, to include as a qualifying chronic disability under 38 C.F.R. § 3.317.


REPRESENTATION

Appellant represented by: Wisconsin Department of Veterans Affairs


ATTORNEY FOR THE BOARD

David Gratz, Counsel



INTRODUCTION

The Veteran served on active duty from April 2009 to April 2010, including service in an imminent pay area in Iraq.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran served in the in the Southwest Asia theater of operations in the Persian Gulf. As such, VA must consider whether service connection is warranted for her left hip and right knee disorders as due to undiagnosed illness related to her service in the Persian Gulf. Unfortunately, to date, her claims have not been considered under the provisions of 38 U.S.C.A. § 1117 and 38 C.F.R. § 3.317. As such, the Board finds that it is without discretion and must remand these claims so that the RO can provide the Veteran with appropriate notice of the evidence needed establish service connection under the provisions of 38 U.S.C.A. § 1117 and 38 C.F.R. § 3.317. Furthermore, after associating any pertinent, outstanding records with the claims folder, the RO should schedule the Veteran for an appropriate VA examination to determine whether she has a left hip or right knee disability that cannot be attributable to a known clinical diagnosis.

Additionally, remand is required in order to obtain a medical nexus opinion regarding the Veteran's right knee disorder because the current examination reports are either incomplete or based on information which is not of record. Specifically, the Veteran's service treatment records reflect that she reported that her knees hurt in March 2010; she declined a referral for treatment at the time-approximately one month prior to separation-and stated that she would seek treatment from VA.

In November 2010, VA provided the Veteran with a general medical examination. The Veteran reported experiencing right knee pain in Iraq while carrying a weighted load. The examiner diagnosed the Veteran with bilateral knee strains and opined that "these conditions are at least as likely as not the result of military service." However, the examiner provided no rationale for this opinion.

By contrast, in August 2013, a second VA examiner diagnosed the Veteran with a right meniscal tear, but opined that it was less likely than not caused or aggravated by her military service because "The record indicates that she had knee problems prior to her deployment....but there is nothing to indicate a permanent aggravation of her pre-existing condition."

The Board's review of the claims file-including the available service treatment records; private treatment records dated October 2011 through December 2011, detailing a right knee partial lateral meniscectomy; and the November 2010 and August 2013 VA examination reports-does not yield any indication of right knee problems prior to service. Thus, remand is required for a new medical opinion as to whether it is at least as likely as not that her right knee disorder was caused or aggravated beyond the natural progress of the disease as a result of her service.

The Veteran should be given an opportunity to identify any healthcare provider who had treated her for her claimed left hip and right knee disorders. Thereafter, any identified records that are not already included in the claims file should be obtained for consideration in the appeal.

Accordingly, the case is REMANDED for the following action:

1. Pursuant to VA's duty to notify, provide the Veteran with the criteria required for the claims asserted based on Persian Gulf War service under 38 U.S.C.A. § 1117 and 38 C.F.R. § 3. 317.

2. The Veteran should be given an opportunity to identify any healthcare provider who treated her for her left hip and right knee disorders. After securing any necessary authorization, obtain all identified treatment records which are not already of record. All reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, that should be documented and the Veteran allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. Notify the Veteran that she may submit lay statements from herself and from other individuals who have first- hand knowledge, and/or were contemporaneously informed of her in-service and post-service left hip and right knee disorders. The Veteran should be provided an appropriate amount of time to submit this lay evidence.

4. Schedule the Veteran for an appropriate VA examination that addresses the nature, extent, onset, and/or etiology of any left hip and right knee disorder(s). The examiner should review the claims file and note this review in the report. The examiner should provide an explanation or rationale for each opinion provided.

a. For the Veteran's left hip disorder, the examiner should consider the July 2008 service treatment record in which she reported experiencing left hip pain with no known means of injury (MOI). The Veteran received a diagnosis of "sprain of unspecified site of hip and thigh." [Capitalization removed.] However, the July 2008 radiologist found no fracture, no dislocation, and normal joint spaces, and diagnosed negative bilateral hips.

The examiner should determine whether the Veteran's left hip disorder can be attributed to a known clinical diagnosis. If the examiner finds that the Veteran's left hip disorder is attributable to a known clinical diagnosis, the examiner must state whether it is at least as likely as not related to or had its onset in service. 

b. For the Veteran's right knee disorder, the examiner should consider her service treatment records showing that she reported that her knees hurt in March 2010; she declined a referral for treatment at the time-approximately one month prior to separation-and stated that she would seek treatment from VA. The examiner should also consider the November 2010 VA general medical examination report wherein the Veteran reported experiencing right knee pain in Iraq when carrying a weighted load, and the examiner opined, without explanation, that the Veteran's knee strains "are at least as likely as not the result of military service." Finally, the examiner should consider the August 2013 VA examination report wherein the examiner diagnosed the Veteran with a right meniscal tear, but opined that it was less likely than not caused or aggravated by her military service because "the record indicates that she had knee problems prior to her deployment....but there is nothing to indicate a permanent aggravation of her pre-existing condition."
 
The examiner should determine whether the Veteran's right knee disorder can be attributed to any known clinical diagnosis. If the examiner finds that the Veteran's right knee disorder is attributable to a known clinical diagnosis, then the examiner must opine as to whether it is at least as likely as not related to or had its onset in service. 

5. Then readjudicate the appeal. If any claim remains denied, the Veteran and her representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).